Anne S. BUCKMAN, on behalf of herself
and all others similarly situated,
Plaintiff,

v.

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA, and Ace
Bonding Company, Defendants.

No. 95–1535–CIV.

United States District Court,
S.D. Florida.

Jan. 4, 1996.

James Bonfiglio, Boynton Beach, FL, Daniel Edelman, Chicago, IL, Charles Baird, Atlanta, GA, for plaintiff.

Dana Corbo, Miami, FL, for defendant.

### *FINAL JUDGMENT*

JAMES LAWRENCE KING, District Judge.

### *ORDER OF DISMISSAL*

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Class Action Complaint, filed October 18, 1995. Plaintiff filed a response on December 12, 1995. Oral argument was held on December 27, 1995.

## I. Factual Background

On July 20, 1994, Plaintiff executed a document entitled "Indemnity Agreement for Surety Bail Bond," guaranteeing the appearance of her daughter, Helene Smith, on criminal charges pending against her daughter in Florida state court. This bond agreement was arranged by Defendant Ace. Pursuant to the bond agreement, Plaintiff paid a $800.00 premium on her daughter's $8000.00 bond. As collateral for the bond, Plaintiff executed a note and mortgage. The obligations created by these documents are payable, by agreement, to Defendant American Bankers.

Plaintiff seeks to apply the Truth In Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") to bail bond business activities conducted by Defendants.

The TILA requires that certain disclosures be made whenever there is an extension of consumer credit. Plaintiff alleges that Defendant American Bankers violated certain provisions of this statute.

The FDCPA prohibits certain practices relating to the collection of debts. Plaintiff alleges that Defendant Ace violated this statute by, *inter alia*, attempting to collect debts owed or due another.[1]

## II. Legal Standard

A motion to dismiss will be granted where it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. "[D]ismissal is justified only when the allegations of the complaint itself clearly demonstrate that plaintiff does not have a claim." 5A Wright & Miller, *Federal Practice and Procedure* § 1357; *see also Bradberry v. Pinellas County*, 789 F.2d 1513, 1515 (11th Cir.1986). For the purpose of the motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *Hishon*

*v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

## III. Analysis

### A. The Truth In Lending Act

Defendants argue that the McCarran–Ferguson Act, 15 U.S.C. § 1011 *et seq.*, prohibits application of the TILA to the transaction at issue here.

■ The McCarran–Ferguson Act precludes the application of federal statutes to "the business of insurance" if those statutes do not "specifically relate" to "the business of insurance." This Circuit has held that the TILA does not "specifically relate" to the business of insurance. *Cochran v. Paco, Inc.*, 606 F.2d 460, 464 (5th Cir.1979).[2] Therefore, if Defendants' activities constitute "the business of insurance," they are immune from the TILA.

■ Defendants argue that the transaction at issue—whereby Plaintiff arranged for Defendant Ace to post a criminal bail bond insured by Defendant American Bankers for her daughter—is "the business of insurance." This Court agrees.

■ This Court gives heavy weight to a state's determination that an activity constitutes the "business of insurance." *Royal Drug Co., Inc. v. Group Life and Health Ins. Co.*, 556 F.2d 1375, 1384 (5th Cir.1977). The Florida Insurance Code's definition of "surety insurance" includes

> [b]ecoming surety on, or guaranteeing the performance of, bonds and undertakings required or permitted in a judicial proceeding or otherwise allowed by law, including surety bonds accepted by states and municipal authorities in lieu of depos-

---

1. Plaintiff argues that Defendant American Bankers, as a creditor under the surety agreement, is also liable under the FDCPA. *See* 15 U.S.C. § 1692a(6).

2. Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), all Fifth Circuit decisions prior to September 30, 1981, are binding precedent on the Eleventh Circuit.

its as security for the performance of insurance contracts....

Fla.Stat. ch. 624.606(d). Florida law defines "insurance" as "a contract whereby one undertakes to indemnify another or pay or allow a specified amount or a determinable benefit upon determinable contingencies." Fla.Stat. ch. 624.02.

Under these definitions, Defendants' activities constitute the "business of insurance" and cannot be regulated pursuant to the TILA.[3]

### B. The Fair Debt Collection Practices Act

The FDCPA applies only to "debt collectors." 15 U.S.C. § 1692e. The term "debt collector" means any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term does not include, however, any person "collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; [or] (ii) concerns a debt which was originated by such person...." 15 U.S.C. § 1692a(6).

The debt owed in this case was the bond forfeiture on the bonds posted by Ace. Clearly, this debt, although owed to American Bankers, was originated by Ace. Furthermore, Fla.Stat. ch. 648.442(3) provides that a bail bondsman receives collateral security in his "fiduciary capacity." Thus, the debt involved here is "incidental to a bona fide fiduciary obligation." As such, Ace is not a "debt collector" and the provisions of the FDCPA do not apply to Defendants' activities.

### IV. Conclusion

Accordingly, after a careful review of the record, and the Court being otherwise fully informed, it is

ORDERED, ADJUDGED, and DECREED that Defendants' Motion to Dismiss

Class Action Complaint be, and the same is hereby, GRANTED. The Complaint is DISMISSED WITH PREJUDICE.

DONE and ORDERED in Chambers at the United States District Courthouse, Federal Justice Building, Miami, Florida, this 4th day of January, 1996.

---

3. Additionally, the Florida Department of Insurance has the authority to administer the provisions of Florida Statutes that regulate bail bondsmen. Fla.Stat. ch. 648.26(1).